# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCOS GERARDO VERDUGO PERALTA,<br><br>Defendants. | Criminal No. 3:2025-CR-0003 |

## GOVERNMENT'S OPPOSITION TO DEFENDANT VERDUGO PERALTA'S MOTION TO DISMISS

COMES NOW, the United States of America, by and through Adam F. Sleeper, Acting United States Attorney for the District of the Virgin Islands, and the undersigned Assistant United States Attorney, and Opposes, in part, Defendant's Motion to Dismiss or for Hearing Under 46 U.S.C. § 70504(a) [ECF No. 27].

### I. BACKGROUND

On or about December 31, 2024, while on routine patrol in the Eastern Pacific, a United States Coast Guard Cutter (USCGC) detected by radar a vessel unlit and dead in water approximately two nautical miles north of the USCGC's position. The vessel was in international waters, displaying no indicia of nationality, and there was no flag being flown. The USCGC observed numerous potential packages on deck. The USCGC launched a Boat Large, which is a smaller style boat, to conduct a search of the area prior to obtaining authorization from the Coast Guard Command to search the vessel. Boarding was conducted as the vessel was suspected of illicit maritime activity.

There were three (3) persons on board the vessel according to USCG personnel on board. Upon completing the search of the vessel, members of the USCGC received a verbal claim of the

captain of the vessel who claimed Mexican Nationality of the vessel. Mexico could neither confirm nor deny nationality of the vessel and therefore the vessel was determined to be one without nationality, and thus subject to the jurisdiction of the United States.

The three (3) persons on board the vessel were: (i) Alonso Zepeda, unknown nationality; (ii) Marcos Alonso Gerardo Peralta, of Mexico; and (iii) Gregorio Verdugo, unknown nationality. USCGC conducted NIK tests from the packages they observed on the deck. The testing resulted in two presumptive positives for cocaine. USCGC detained all three subjects and transported them and forty-two bales totaling an at-sea weight of 1,260 kilograms of cocaine to the USCGC.

The defendants arrived in Florida on January 27, 2025 and were arrested with the charges of Possession of a Controlled Substance With Intent to Distribute on Board a Vessel Subject to the Jurisdiction of the United States, and Conspiracy to Possess with Intent to Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, in violation of title 46, United States Code, sections 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), and 70506(a) & (b).

## II.     DISCUSSION

Defendant Verdugo Peralta's Motion to Dismiss is premised solely on the Government's production of the certification of the Secretary of State pursuant to 46 U.S.C. §70502(d)(2). Specifically, the defendant argues that "[w]hen a claim of verbal nationality is made pursuant to §70502(e) and the United States wishes to prosecute the occupants of the offending vessel, it must verify that claim of nationality and obtain either a denial of such a claim by the nation as to which nationality is claimed §70502(d)(1)(A); or determine that such a nation has not affirmatively and unequivocally asserted that the vessel is of its nationality, §70502(d)(1)(C)." [ECF No. 27].

Defendant further argues that "[b]oth types of responses may be obtained by "radio, telephone, or similar oral or electronic means, and are proved conclusively by certification of the Secretary of State or the Secretary's designee." Further, defendant's request for a hearing is triggered only in the event a certification is not provided.

The certification in this case was issued by the Secretary of State on March 25, 2025, certifying that there was no additional evidence other that the verbal claim of the master of the vessel regarding the nationality of the vessel and thus the vessel is subject to the jurisdiction of the United States. The certification was provided to defense on July 3, 2025.[1] With the production of the certification, the defendant's argument is now moot since it was premised solely on the production of the certification.

While the Defendant's request for a hearing was also premised solely on the certification, the government is not opposed to a hearing. The government agrees that pursuant to 46 U.S.C. § 70504, the issue of jurisdiction is not an element of the offense and is a preliminary question of law to be determined by the judge. The jurisdictional question being one for the court, the court can determine whether a hearing is necessary. However, such hearing is not required within ten (10) days as requested by the defendant.

Accordingly, the Government request that the court deny the Defendant's motion to dismiss and further conclude that the court has subject matter jurisdiction in this case.

---

[1] At the time of the filing of his Motion, Defendant had not received the certification, thereby making the Motion appropriate at that time.

Respectfully submitted,

                                          ADAM F. SLEEPER
                                        ACTING UNITED STATES ATTORNEY

Dated: May 16, 2025            By:    *s/ Natasha L. Baker*
                                                        Natasha L. Baker
                                                        Assistant United States Attorney
                                                        5500 Veteran's Drive, Suite 260
                                                        St. Thomas, VI 00802
                                                         (340) 774-5757
                                                         natasha.baker@usdoj.gov